**UNITED STATES of America, Appellee,**

v.

**Philip Dane STOUT, Appellant.**

**No. 25392.**

United States Court of Appeals, Ninth Circuit.

Nov. 5, 1970.

Anthony P. David (Argued), San Francisco, Cal., for appellant.

Charles Pinnell, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and JAMESON,[*] District Judge.

PER CURIAM:

Philip Dane Stout's contention that there was insufficient evidence to support his conviction for aiding and abetting the embezzlement of funds from a national bank in violation of 18 U.S.C. §§ 2 and 656 is without merit; his participation in the embezzlement is clear beyond a reasonable doubt.[1a] Equally unsound are his theses that the trial judge who heard the case without a jury, (a) misunderstood the nature of the charge against him,[2a] (b) failed to determine if the elements of aiding and abetting had been proven,[3a] and (c) acted with anything but propriety in conducting a fair trial.

Affirmed.

* Honorable W. J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

1a. Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919, 925 (1949). Since Stout was not an agent of the bank, he could not be convicted of violating 18 U.S.C. § 656 but only of aiding and abetting the teller who gave him the money. Giragosian v. United States, 349 F.2d 166 (1st Cir. 1965).

2a. Defense counsel and the trial judge frequently used the word "larceny" as a shorthand expression to refer to the events of the embezzlement.

3a. The most improper statement attributed to the trial judge was that there was no question of aiding or abetting since the teller at the bank passed Stout the money. Stout contends this meant the trial judge believed he could be convicted of 18 U.S.C. § 656; but, taken in context, the proper interpretation is that the trial judge saw no need to examine Stout's criminal intent or acts of aid and encouragement because he was directly involved with the act of embezzlement.